**WO**                                                                                           SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Dews, a/k/a, Clarence Leon Dews ) | No. CV 07-1003-PHX-SMM (DKD) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| State of Arizona, et al., ) | |
| Respondents. ) | |

Petitioner Leon Dews, confined in the California State Prison in Wasco, California, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition") and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Petition with leave to amend.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. See LRCiv 3.5(b) (excess of $25.00 requires payment of the filing fee). Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.

//

//

**JDDL**

## II.  Petition

Petitioner challenges his September 22, 2006, judgment of conviction in Maricopa County Superior Court in CR 2005-132086-001 DT. Petitioner names the State of Arizona and an Arizona Attorney General as Respondents. Petitioner has not named his current custodian as a respondent.

The Petition contains four grounds for relief. In Ground One, Petitioner alleges "injustice based on tactical misconduct, time limits, harassment, restrictions of liberty." In Ground Two, Petitioner alleges "time limits; 10 months and 15 days; (order court transcripts)." In Ground Three, he alleges "harassment based [on] racial prejudice and conduct." In Ground Four, he alleges "no regard for reasonable time limits avoiding reasonable consideration."

## III.  Failure to Name Custodian

A petitioner for habeas corpus relief under § 2254 must name the state officer having custody of him or her as a respondent. Belgarde v. State of Montana, 123 F.3d 1210, 1212 (9th Cir. 1997) (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)). The failure to name as respondent Petitioner's custodian deprives the district court of personal jurisdiction. Belgarde, 123 F.3d at 1212.

Because Petitioner has not named his custodian, the Court lacks jurisdiction over the custodian.

## IV.  Failure to Allege a Violation of the Constitution or Laws or Treaties of the United States

Pursuant to 28 U.S.C. § 2254, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Engle v. Isaac, 456 U.S. 107, 119 (1982).

Here, Petitioner has failed to make any reference to the United States Constitution, or to any laws or treaties of the United States, in his grounds for relief. Accordingly, the

1 Petition will be dismissed without prejudice for failure to allege a violation of the
2 Constitution or laws or treaties of the United States.

## V. Failure to Use the Current, Court-Approved Form

Under this Court's local rule, Petitioner must use the current, court-approved form when he files a *pro se* petition pursuant to 28 U.S.C. § 2254. LRCiv 3.5(a). Petitioner has not used the current, court-approved form. The Court will require use of the current, court-approved form for an amended petition. Petitioner may raise only one claim for relief under each ground.

## VI. Leave to Amend

The Court will grant Petitioner 30 days to file an amended petition, if he so desires, to name a proper respondent and to show how he is being held in custody in violation of the Constitution, laws or treaties of the United States. Any amended petition should: (1) name Petitioner's current custodian as a respondent; (2) show how Petitioner is being held in custody in violation of the Constitution, laws, or treaties of the United States; (3) specify all the exhausted grounds for relief available to Petitioner; (4) set forth in summary form the facts supporting each of his grounds; and (5) provide information as to how Petitioner has first exhausted his state court remedies as to each ground on which he requests action by this Court.

The amended petition must be retyped or rewritten in its entirety on a current, court-approved form and may not incorporate any part of the original petition, including exhibits, by reference. Any amended petition submitted by Petitioner should be clearly designated as an amended petition on the face of the document. Petitioner should take notice that if he fails to timely file an amended petition, the Clerk of Court will enter a judgment of dismissal of the action without further notice to Petitioner.

Petitioner should also take notice that by filing an amended petition, he will be presumed to have deliberately waived his right to raise any constitutional errors or deprivations other than those set forth in his amended habeas petition, and the Court may dismiss any subsequent petitions. 28 U.S.C. § 2244. Further, all grounds alleged in the

original petition that are not alleged in an amended petition will be waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

**VII. Warnings**

### A. Address Changes

Petitioner must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See Local Rules of Civil Procedure (LRCiv) 83.3(d). Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P.5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### C. Possible Dismissal

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition is **granted**.

(2)  Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. #1) is **dismissed without prejudice**.

(3)  Petitioner has 30 days from the filing date of this Order to file an amended petition in compliance with this Order.

(4)  The Clerk of Court must enter a judgment of dismissal of this action without

1  prejudice and without further notice to Petitioner if Petitioner fails to file an amended petition
2  within 30 days from the filing date of this Order.
3     (5)    The Clerk of Court must provide Petitioner with a current, court-approved
4  form for filing a "Petition For Writ Of Habeas Corpus By A Person In State Custody
5  Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)."
6     DATED this 7th day of June, 2007.

Stephen M. McNamee
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.   The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division. If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed** *in forma pauperis* **to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>     Attorney for Respondent(s)
>
> _____
> (Signature)

9. Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved form.  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1. An amended petition may not incorporate by reference any part of your prior petition. LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging.  Do **not** submit any other exhibits with the petition.  Instead, you should paraphrase the relevant information in the petition.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Warnings</u>.

    a. <u>Judgment Entered by a Single Court.</u> You may challenge the judgment entered by only one court. Multiple counts which resulted in a judgment by the same court may be challenged in the same petition. If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b. <u>Grounds for Relief.</u> You must raise all grounds for relief that relate to this conviction or sentence. Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c. <u>Exhaustion</u>. In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court. If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed. If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your petition being stricken or dismissed by the Court. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____, )<br>(Full Name of Petitioner) )<br>    Petitioner, )<br>            )<br>    vs. )<br>            )<br>_____, )<br>(Name of the Director of the Department of )<br>Corrections, Jailor or authorized person having )<br>custody of Petitioner) )<br>            )<br>    Respondent, )<br>    and )<br>The Attorney General of the State of _____, )<br>            )<br>    Additional Respondent. )<br>_____ ) | CASE NO. _____<br>     (To be supplied by the Clerk)<br><br><br>**PETITION UNDER 28 U.S.C. § 2254<br>FOR A WRIT OF HABEAS CORPUS<br>BY A PERSON IN STATE CUSTODY<br>(NON-DEATH PENALTY)** |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
_____
_____

   (b) Criminal docket or case number: _____

2. Date of judgment of conviction: _____

3. In this case, were you convicted on more than one count or crime?    Yes ☐    No ☐

Revised 3/9/07                                                    1                                            **530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

    _____

    _____

    _____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

    _____

    _____

    _____

6.  (a) What was your plea?
    Not guilty ☐
    Guilty ☐
    Nolo contendere (no contest) ☐

    (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

    _____

    _____

    _____

    (c)  If you went to trial, what kind of trial did you have?  (Check one)     Jury ☐     Judge only ☐

7.  Did you testify at the trial?     Yes ☐     No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
    Yes ☐     No ☐

    If yes, answer the following:

    (a) Date you filed: _____

    (b) Docket or case number: _____

    (c) Result: _____

    (d) Date of result: _____

    (e) Grounds raised: _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9. Did you appeal to the Arizona Supreme Court?   Yes ☐   No ☐

   If yes, answer the following:

   (a) Date you filed: _____

   (b) Docket or case number: _____

   (c) Result: _____

   (d) Date of result: _____

   (e) Grounds raised: _____

   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐

    If yes, answer the following:

    (a) Date you filed: _____

    (b) Docket or case number: _____

    (c) Result: _____

    (d) Date of result: _____

    (e) Grounds raised: _____

    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☐   No ☐

    If yes, answer the following:

3

(a) First Petition.

    (1) Date you filed: _____

    (2) Name of court: _____

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4) Docket or case number: _____

    (5) Result: _____

    (6) Date of result: _____

    (7) Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) Second Petition.

    (1) Date you filed: _____

    (2) Name of court: _____

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4) Docket or case number: _____

    (5) Result: _____

    (6) Date of result: _____

    (7) Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) Third Petition.

   (1) Date you filed: _____

   (2) Name of court: _____

   (3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

   (4) Docket or case number: _____

   (5) Result: _____

   (6) Date of result: _____

   (7) Grounds raised: _____
   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d) Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: |  | Arizona Supreme Court: |  |
|---|---|---|---|---|
| (1) First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2) Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3) Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e) If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____
_____
_____
_____
_____
_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

   **CAUTION:** <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐     No ☐

(c) If yes, did you present the issue in a:
  Direct appeal     ☐
  First petition    ☐
  Second petition   ☐
  Third petition    ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐     No ☐

**GROUND TWO**: _____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐    No ☐

(c) If yes, did you present the issue in a:
      Direct appeal      ☐
      First petition      ☐
      Second petition      ☐
      Third petition      ☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐    No ☐

**GROUND THREE**: _____

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐   No ☐

(c) If yes, did you present the issue in a:
    Direct appeal       ☐
    First petition      ☐
    Second petition     ☐
    Third petition      ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐   No ☐

8

**GROUND FOUR**: _____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐    No ☐

(c) If yes, did you present the issue in a:
      Direct appeal     ☐
      First petition     ☐
      Second petition   ☐
      Third petition    ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐    No ☐

9

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____

_____
_____
_____
_____
_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____
_____
_____
_____
_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?      Yes ☐          No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:
_____
_____
_____

    (b)  Date that the other sentence was imposed: _____

    (c)  Length of the other sentence: _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐          No ☐

10

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

    *Section 2244(d) provides in part that:
      (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: _____

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)


    I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, day, year).

_____
**Signature of Petitioner**


_____        _____
Signature of attorney, if any                                         Date